UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO,<br><br>           Plaintiff,<br><br>   v.<br><br>M. DARST, et al.,<br><br>           Defendants. | No. 2: 14-cv-0959 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 10, 2014, the undersigned ordered service of plaintiff's original complaint on defendants Darst and Romero. (ECF No. 11.) On August 18, 2014, defendants Darst and Romero filed an answer to the original complaint. (ECF No. 16.)

    Pending before the court is plaintiff's July 28, 2014 motion to amend and proposed amended complaint. (ECF No. 15.) For the following reasons, the undersigned recommends that plaintiff's motion to amend be denied.

Plaintiff's Claims

    Named as defendants in the proposed amended complaint are defendants Darst and Romero, W. Hanks, M. Delagarza-Dillard, C. Snyder, T. Campbell, W. Bennett, Officer Holley, Officer Rainey, D. Shiplet and N. Albonico. All defendants are located at High Desert State

1

Prison ("HDSP"), where the alleged deprivations occurred.

The amended complaint contains four claims for relief. The undersigned describes these four claims herein.

*Claim Three*

Claim three contains plaintiff's claims against defendants Darst and Romero. These claims are identical to the claims made against these defendants in the original complaint.

Plaintiff alleges that on March 6, 2013, plaintiff was in his cell waiting for his evening meal. (ECF No. 15-1 at 11.) Defendant Darst brought the meal cart to plaintiff's cell. (Id.) Defendant Darst threw the tray containing plaintiff's food at plaintiff. (Id. at 12.) The hot food struck plaintiff in the arms, chest and face, causing plaintiff to suffer pain. (Id.) Plaintiff did not receive his evening meal on March 6, 2013. (Id.)

On March 7, 2013, defendant Romero brought the meal cart to plaintiff's cell. (Id.) Defendant Romero threw the tray containing plaintiff's food at plaintiff. (Id.) The hot food struck plaintiff in the arms, chest and face, causing plaintiff to suffer pain. (Id. at 12-13.)

*Claim One*

In claim one, plaintiff alleges that on December 11, 2012, plaintiff told defendant Holley that he was having trouble with his cellmate. (Id. at 5.) Plaintiff, who is African American, asked defendant Holley for a cell move and identified an inmate he felt with whom he would be compatible. (Id.) The proposed new cellmate was African American. (Id. at 6.) In response, defendant Holley told plaintiff, "I don't cell blacks with blacks." (Id. at 5-6.) Plaintiff alleges that defendant Holley's refusal to house him with another black inmate constituted racial discrimination in violation of the Fourteenth Amendment. (Id. at 5.)

*Claim Two*

In claim two, plaintiff alleges that on March 5, 2013, defendant Hanks interviewed plaintiff in his office regarding a group appeal plaintiff filed alleging racial discrimination. (Id. at 8.) A copy of this group appeal is attached as an exhibit to the amended complaint. The group appeal concerned the alleged HDSP policy of not permitting compatible inmates of the same race to be celled together. (Id. at 22-31.) Defendant Delagarza-Dillard was present in defendant

2

1  Hanks's office during the interview. (Id.)

2  Before he could sit down, defendant Hanks threw plaintiff's appeal across his desk and
3  said, "What the fuck is this? Do you know where you're at? This is High Desert. We run this
4  shit." (Id.) Without saying a word, plaintiff left the office. (Id.) As he walked away, he heard an
5  officer say, "Don't worry, we'll get him." (Id.) Plaintiff turned around and saw defendant Hanks
6  talking to defendant Delagarza-Dillard at the entrance of the office. (Id. at 8-9.)

7  About 30-40 minutes later, plaintiff was in the dayroom with his radio, which he had had
8  for years. (Id. at 9.) Plaintiff put his radio on a table. (Id.) Defendants Delagarza-Dillard and
9  Campbell walked up to the table. (Id.) Defendant Delagarza-Dillard picked up the radio, said it
10 was altered, and walked away with it. (Id.)

11 Plaintiff later told defendant Delagarza-Dillard that he had had the radio for years. (Id.)
12 Plaintiff went to his cell and retrieved all of his property receipts. (Id.) He brought the receipts to
13 the officer's unit and gave them to defendant Delagarza-Dillard. (Id.) When plaintiff sat down in
14 a chair, he noticed that more officers had arrived and had formed a half circle around him. (Id.)
15 Fearing for his safety, plaintiff started to walk away. (Id. at 9-10.) Plaintiff heard defendant
16 Delagarza-Dillard say, "get him." (Id. at 9.) Plaintiff was then tackled to the ground. (Id.)
17 Plaintiff did not resist. (Id.) Plaintiff was choked, kneed in the back and ribs repeatedly, and
18 struck repeatedly with a baton in the buttocks area and lower leg area. (Id.) The officers
19 involved in the assault were later identified as defendants Delagarza-Dillard, Campbell, Snyder,
20 Bennett and Rainey. (Id.)

21 *Claim Four*

22 Plaintiff alleges that on July 25, 2013, a rules violation report was ordered reheard
23 because plaintiff's requested witnesses were not questioned. (Id. at 14.) Defendant Shiplet was
24 plaintiff's assigned investigative employee for the rehearing. (Id.) Because plaintiff did not
25 know the names of his witnesses, he asked defendant Shiplet to interview inmates housed in four
26 particular cells. (Id.) Defendant Shiplet failed to interview these inmates. (Id. at 14-15.)

27 At the September 4, 2013 disciplinary re-hearing, defendant Albonico refused plaintiff's
28 request to call the inmate witnesses he had identified to defendant Shiplet. (Id. at 15.)

1  Plaintiff alleges that defendants Shiplet and Albonico violated plaintiff's right to due
2  process.
3  Plaintiff does not describe the disciplinary charges that were ordered reheard. Plaintiff
4  also does not describe the testimony of his proposed inmate witnesses and how it related to the
5  pending charges.
6  *Analysis*
7  Plaintiff may not bring unrelated claims against unrelated parties in a single action.
8  Fed.R.Civ.P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v.
9  Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants
10  so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions
11  and occurrences, and (2) there are commons questions of law or fact. Fed.R.Civ.P. 20(a)(2);
12  Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of
13  North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined
14  under Rule 20(a) will the court review the other claims to determine if they may be joined under
15  Rule 18(a), which permits the joinder of multiple claims against the same party.
16  Plaintiff's proposed new claims, i.e., claims 1, 2 and 4, are unrelated the original claims
17  brought against defendants Darst and Romero. Plaintiff originally alleged that defendants Darst
18  and Romero violated the Eighth Amendment by throwing hot food on him. Plaintiff's claims
19  alleging racially discriminatory housing, i.e., claims 1 and 2, are unrelated to the claims against
20  defendants Darst and Romero and involve different defendants. Claim 4, alleging due process
21  violations during a prison disciplinary proceeding, also involves different defendants and is
22  unrelated to the original claims against defendants Darst and Romero. For these reasons,
23  plaintiff's motion for leave to amend should be denied.
24  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF
25  No. 15) be denied.
26  These findings and recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
28  after being served with these findings and recommendations, plaintiff may file written objections

4

with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 18, 2014

Cat959.ame

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE