1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES CATO,                              No.  2:  14-cv-0959 TLN KJN P

12                Plaintiff,

13          v.                                 ORDER

14    M. DARST, et al.,

15                Defendants.

16

17    Introduction

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19    to 42 U.S.C. § 1983.  On September 19, 2014, the undersigned recommended that plaintiff's

20    motion for leave to file an amended complaint be denied.  (ECF No. 19.)  On October 14, 2014,

21    plaintiff filed a motion for an extension of time to file objections to the findings and

22    recommendations.  (ECF No. 20.)  On October 20, 2014, plaintiff filed his objections.  (ECF No.

23    21.)  Good cause appearing, plaintiff's motion for an extension of time is granted and plaintiff's

24    objections are deemed timely filed.

25          For the following reasons, the September 19, 2014 findings and recommendations are

26    vacated.  In the alternative, the undersigned denies plaintiff's motion to amend with leave to file

27    an amended complaint in accordance with the legal standards set forth below.

28    ////

                                                  1

1  Plaintiff's Claims

2      Named as defendants in the proposed amended complaint are defendants Darst and

3  Romero, W. Hanks, M. Delagarza-Dillard, C. Snyder, T. Campbell, W. Bennett, Officer Holley,

4  Officer Rainey, D. Shiplet and N. Albonico.  All defendants are located at High Desert State

5  Prison ("HDSP"), where the alleged deprivations occurred.

6      The amended complaint contains four claims for relief.  The undersigned describes these

7  four claims herein.

8          *Claim Three*

9      Claim three contains plaintiff's claims against defendants Darst and Romero.  These

10  claims are identical to the claims made against these defendants in the original complaint.

11  Plaintiff alleges that on March 6, 2013, plaintiff was in his cell waiting for his evening meal.

12  (ECF No. 15-1 at 11.)  Defendant Darst brought the meal cart to plaintiff's cell.  (Id.)  Defendant

13  Darst allegedly threw the tray containing plaintiff's food at plaintiff.  (Id. at 12.)  The hot food

14  struck plaintiff in the arms, chest and face, causing plaintiff to suffer pain.  (Id.)  Plaintiff did not

15  receive his evening meal on March 6, 2013.  (Id.)

16      On March 7, 2013, defendant Romero brought the meal cart to plaintiff's cell.  (Id.)

17  Defendant Romero allegedly threw the tray containing plaintiff's food at plaintiff.  (Id.)  The hot

18  food struck plaintiff in the arms, chest and face, causing plaintiff to suffer pain.  (Id. at 12-13.)

19          *Claim One*

20      In claim one, plaintiff alleges that on December 11, 2012, plaintiff told defendant Holley

21  that he was having trouble with his cellmate.  (Id. at 5.)  Plaintiff, who is African American, asked

22  defendant Holley for a cell move and identified an inmate with whom he felt he would be

23  compatible.  (Id.)  The proposed new cellmate was African American.  (Id. at 6.)  In response,

24  defendant Holley told plaintiff, "I don't cell blacks with blacks."  (Id. at 5-6.)  Plaintiff alleges

25  that defendant Holley's refusal to house him with another black inmate constituted racial

26  discrimination in violation of the Fourteenth Amendment.  (Id. at 5.)

27  ////

28  ////

2

1    *Claim Two*

2        In claim two, plaintiff alleges that on March 5, 2013, defendant Hanks interviewed

3    plaintiff in his office regarding a group appeal plaintiff filed alleging racial discrimination.  (Id. at

4    8.)  A copy of this group appeal is attached as an exhibit to the amended complaint.  The group

5    appeal concerned the alleged HDSP policy of not permitting compatible inmates of the same race

6    to be celled together.  (Id. at 22-31.)  Defendant Delagarza-Dillard was present in defendant

7    Hanks's office during the interview.  (Id.)

8        Before he could sit down, defendant Hanks allegedly threw plaintiff's appeal across his

9    desk and said, "What the fuck is this?  Do you know where you're at?  This is High Desert.  We

10   run this shit."  (Id.)  Without saying a word, plaintiff left the office.  (Id.)  As he walked away, he

11   heard an officer say, "Don't worry, we'll get him."  (Id.)  Plaintiff turned around and saw

12   defendant Hanks talking to defendant Delagarza-Dillard at the entrance of the office.  (Id. at 8-9.)

13       About 30-40 minutes later, plaintiff was in the dayroom with his radio, which he had had

14   for years.  (Id. at 9.)  Plaintiff put his radio on a table.  (Id.)  Defendants Delagarza-Dillard and

15   Campbell walked up to the table.  (Id.)  Defendant Delagarza-Dillard allegedly picked up the

16   radio, said it was altered, and walked away with it.  (Id.)

17       Plaintiff later told defendant Delagarza-Dillard that he had had the radio for years.  (Id.)

18   Plaintiff went to his cell and retrieved all of his property receipts.  (Id.)  He brought the receipts to

19   the officer's unit and gave them to defendant Delagarza-Dillard.  (Id.)  When plaintiff sat down in

20   a chair, he noticed that more officers had arrived and had formed a half circle around him.  (Id.)

21   Fearing for his safety, plaintiff started to walk away.  (Id. at 9-10.)  Plaintiff allegedly heard

22   defendant Delagarza-Dillard say, "get him."  (Id. at 9.)  Plaintiff was then tackled to the ground.

23   (Id.)  Plaintiff did not resist.  (Id.)  Plaintiff was allegedly choked, kneed in the back and ribs

24   repeatedly, and struck repeatedly with a baton in the buttocks area and lower leg area.  (Id.)  The

25   officers involved in the alleged assault were later identified as defendants Delagarza-Dillard,

26   Campbell, Snyder, Bennett and Rainey.  (Id.)

27   ////

28   ////

3

1       *Claim Four*

2           Plaintiff alleges that on July 25, 2013, a rules violation report was ordered reheard

3       because plaintiff's requested witnesses were not questioned.  (Id. at 14.)  Defendant Shiplet was

4       plaintiff's assigned investigative employee for the rehearing.  (Id.)  Because plaintiff did not

5       know the names of his witnesses, he asked defendant Shiplet to interview inmates housed in four

6       particular cells.  (Id.)  Defendant Shiplet failed to interview these inmates.  (Id. at 14-15.)

7           At the September 4, 2013 disciplinary re-hearing, defendant Albonico allegedly refused

8       plaintiff's request to call the inmate witnesses he had identified to defendant Shiplet.  (Id. at 15.)

9           Plaintiff alleges that defendants Shiplet and Albonico violated plaintiff's right to due

10      process.

11          Plaintiff does not describe the disciplinary charges that were ordered reheard.  Plaintiff

12      also does not describe the testimony of his proposed inmate witnesses and how it related to the

13      pending charges.

14      Analysis

15          In the September 19, 2014, the undersigned began by observing that plaintiff may not

16      bring unrelated claims against unrelated parties in a single action.  Fed.R.Civ.P. 18(a), 20(a)(2);

17      Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th

18      Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises

19      out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there

20      are commons questions of law or fact.  Fed.R.Civ.P. 20(a)(2); Coughlin v. Rogers, 130 F.3d

21      1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.3d 1371,

22      1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the court

23      review the other claims to determine if they may be joined under Rule 18(a), which permits the

24      joinder of multiple claims against the same party.

25          In the September 19, 2014 findings and recommendations, the undersigned found that

26      plaintiff's proposed new claims, i.e., claims 1, 2 and 4, were unrelated to the original claims

27      brought against defendants Darst and Romero.  Accordingly, the undersigned recommended that

28      plaintiff's motion to amend be denied.

4

1    In his objections, plaintiff alleges that his new claims are related to his original claims

2    against defendants Darst and Romero.  Plaintiff alleges that he filed his group grievance,

3    discussed in claim two, in response to the alleged racial discrimination alleged in claim one.

4    Plaintiff alleges that after being subject to the excessive force alleged in claim two, plaintiff was

5    falsely charged with battery on a peace officer.  In response to these charges, plaintiff was placed

6    in administrative segregation, where he alleges defendants Darst and Romero assaulted him "in

7    retaliation."  In his objections, plaintiff clarifies that claim four concerns the disciplinary

8    proceedings involving the false disciplinary charges described in claim two.

9    Plaintiff's amended complaint does not make clear that the four claims alleged are related.

10   For this reason, the present motion to amend is denied.  However, plaintiff is granted thirty days

11   to file an amended complaint that clearly alleges how each of the four claims is related.

12   The undersigned observes that in his objections, plaintiff has not plead sufficient facts in

13   support of a retaliation claim against defendants Darst and Romero.  "Within the prison context, a

14   viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a

15   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

16   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

17   (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

18   408 F.3d 559, 567–68 (9th Cir. 2004).  Prisoners have a constitutional right to file prison

19   grievances and pursue civil rights litigation in the courts.  Id. at 567.  Prison officials may not

20   retaliate against prisoners for exercising these rights.  Id. at 568.

21   In his objections, plaintiff does not describe the protected conduct that allegedly motivated

22   defendants Darst and Romero to retaliate against him.  If plaintiff files an amended complaint, he

23   must allege specific facts in support of a retaliation claim.  He cannot base his retaliation claim on

24   conclusory allegations.  He must allege how he knows that defendants Darst and Romero were

25   motivated by retaliation.

26   Accordingly, IT IS HEREBY ORDERED that:

27   1. The September 19, 2014 findings and recommendations (ECF No. 19) are vacated;

28   2. Plaintiff's motion for an extension of time to file objections (ECF No. 20) is granted;

3.  Plaintiff's motion to amend (ECF No. 15) is denied; plaintiff is granted thirty days to file an amended complaint; defendants are not required to respond to the amended complaint until ordered by the court; if plaintiff does not file an amended complaint within that time, this action will proceed solely on the original claims against defendants Darst and Romero.

Dated:  December 12, 2014

Cato959.vac

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE