UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, | No. 2: 14-cv-0959 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| M. DARST, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed January 5, 2015. (ECF No. 26.)  For the reasons stated herein, plaintiff's request for leave to file the amended complaint should be denied.

Discussion

*Original Complaint*

On April 18, 2014 plaintiff filed the original complaint. (ECF No. 1.)  Named as defendants were High Desert State Prison ("HDSP") Correctional Officers Darst and Romero. (Id. at 2.)  Plaintiff alleged that in March 2013, he was housed in administrative segregation ("ad seg"). (Id. at 3.)  Plaintiff alleged that on March 6, 2013, defendant Darst threw a hot food tray at plaintiff, causing plaintiff to suffer pain. (Id.)  Plaintiff alleged that on March 7, 2013, defendant Romero threw a hot food tray at plaintiff, causing plaintiff to suffer pain. (Id. at 4.)  Plaintiff

1

alleged that on March 8, 2013, plaintiff begged defendant Darst for food because plaintiff had not received an evening meal in two days. (Id.) Defendant Darst told plaintiff that he would let him eat if he cleaned up the food on his cell floor. (Id.)

On May 6, 2014, the undersigned ordered service of the original complaint on defendants Darst and Romero. (ECF No. 7.)

*First Request for Leave to Amend*

On July 28, 2014, plaintiff filed a motion to amend and proposed amended complaint. (ECF No. 15-1.) The amended complaint included the claims made against defendants Darst and Romero in the original complaint as well as claims against new defendants Hanks, Delazgarza-Dillard, Snyder, Campbell, Bennett, Holley, Rainey, Shiplet and Albonico. The undersigned describes those claims herein.

In claim one, plaintiff alleged that in December 2012, defendant Holley refused plaintiff's request to be housed with another African American inmate because defendant Holley did not "cell blacks with blacks." (Id. at 5-6.) Plaintiff alleged that defendant Holley's refusal to house him with another black inmate constituted racial discrimination in violation of the Fourteenth Amendment. (Id. at 5.)

In claim two, plaintiff alleged that on March 5, 2013, defendant Hanks interviewed plaintiff in his office regarding a group appeal plaintiff filed challenging the HDSP policy of not permitting compatible inmates of the same race to be celled together. (Id. at 22-31.) Defendant Delagarza-Dillard was present in defendant Hank's office during the interview. (Id.)

Before he could sit down, defendant Hanks threw plaintiff's appeal across his desk and said, "What the fuck is this? Do you know where you're at? This is High Desert. We run this shit." (Id.) Without saying a word, plaintiff left the office. (Id.) As he walked away, he heard an officer say, "Don't worry, we'll get him." (Id.) Plaintiff turned around and saw defendant Hanks talking to defendant Delagarza-Dillard at the entrance of the office. (Id. at 8-9.)

About 30-40 minutes later, plaintiff was in the dayroom with his radio, which he had had for years. (Id. at 9.) Plaintiff put his radio on a table. (Id.) Defendant Delagarza-Dillard and Campbell walked up to the table. (Id.) Defendant Delagarza-Dillard picked up the radio, said it

2

1  was altered, and walked away with it.  (Id.)

2  Plaintiff later told defendant Delagarza-Dillard that he had had the radio for years.  (Id.)
3  Plaintiff went to his cell and retrieved all of his property receipts.  (Id.)  He brought the receipts to
4  the officer's unit and gave them to Delagarza-Dillard.  (Id.)  When plaintiff sat down in a chair,
5  he noticed that more officers had arrived and had formed a half circle around him.  (Id.)  Fearing
6  for his safety, plaintiff started to walk away.  (Id. at 9-10.)  Plaintiff then heard defendant
7  Delagarza-Dillard say, "get him."  (Id. at 9.)  Plaintiff was then tackled to the ground.  (Id.)
8  Plaintiff did not resist.  (Id.)  Plaintiff was choked, kneed in the back and ribs, and struck
9  repeatedly with a baton in the buttocks area and lower leg area.  (Id.)  The officers involved in the
10 assault were later identified as defendants Delazgarza-Dillard, Campbell, Snyder, Bennett and
11 Rainey.  (Id.)

12 Claim three included the original claims against defendants Darst and Romero.

13 In claim four, plaintiff alleged that on July 25, 2013, a rules violation report was ordered
14 reheard because plaintiff's requested witnesses were not questioned.  (Id. at 14.)  Defendant
15 Shiplet was plaintiff's assigned investigative employee for the rehearing. (Id.)  Because plaintiff
16 did not know the names of his witnesses, he asked defendant Shiplet to interview inmates housed
17 in four particular cells.  (Id.)  Defendant Shiplet failed to interview these inmates.  (Id. at 14-15.)

18 At the September 4, 2013 disciplinary re-hearing, defendant Albonico refused plaintiff's
19 request to call the inmate witnesses he had identified to defendant Shiplet.  (Id. at 15.)  Plaintiff
20 alleged that defendants Shiplet and Albonico violated his right to due process.  (Id.)  Plaintiff did
21 not describe the disciplinary charges that were ordered reheard.  Plaintiff also did not describe the
22 testimony of his proposed witnesses and how it related to the pending charges.

23 On September 19, 2014, the undersigned recommended that plaintiff's request to file the
24 amended complaint be denied for the reasons stated herein:

25 > Plaintiff may not bring unrelated claims against unrelated parties in
26 > a single action.
27 > Fed.R.Civ.P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952
> (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir.
28 > 2007).  Plaintiff may bring a claim against multiple defendants so
> long as (1) the claim arises out of the same transaction or

> occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed.R.Civ.P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.
>
> Plaintiff's proposed new claims, i.e., claims 1, 2 and 4, are unrelated to the original claims brought against defendants Darst and Romero. Plaintiff originally alleged that defendants Darst and Romero violated the Eighth Amendment by throwing hot food on him. Plaintiff's claims alleging racially discriminatory housing, i.e., claims 1 and 2, are unrelated to the claims against defendants Darst and Romero and involve different defendants. Claim 4, alleging due process violations during a prison disciplinary proceeding, also involves different defendants and is unrelated to the original claims against defendants Darst and Romero. For these reasons, plaintiff's motion for leave to amend should be denied.

(Id. at 4.)

On October 20, 2014, plaintiff filed objections to the findings and recommendation. (ECF No. 21.) In his objections, plaintiff alleged that his new claims related to his original claims against defendants Darst and Romero. Plaintiff alleged that he filed his group grievance, discussed in claim two, in response to the racial discrimination alleged in claim one. Plaintiff alleged that after being subjected to the excessive force alleged in claim two, he was falsely charged with battery on a peace office. In response to these charges, plaintiff was placed in ad seg, where he alleged defendants Darst and Romero assaulted him "in retaliation."

On December 12, 2014, the undersigned vacated the findings and recommendations, and granted plaintiff leave to file an amended complaint clarifying his retaliation claims against defendants Darst and Romero. (ECF No. 23.) In this order, the undersigned noted that plaintiff's amended complaint did not make clear that the four claims alleged were related. In this order, the undersigned also observed that in his objections, plaintiff had not pled sufficient facts in support of a retaliation claim against defendants Darst and Romero. (Id. at 5.) The undersigned set forth the legal standard for retaliation in the December 12, 2014 order:

> "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3)

4

> that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2004). Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. Id. at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568.

(Id.)

The undersigned found that in his objections, plaintiff did not describe the protected conduct that allegedly motivated defendants Darst and Romero to retaliate against him. (Id.) Plaintiff was advised that if he filed an amended complaint, he must allege specific facts in support of a retaliation claim. (Id.) He could not base his retaliation claim on conclusory allegations. (Id.) He must allege how he knew that defendants Darst and Romero were motivated by retaliation. (Id.)

Proposed Amended Complaint filed January 5, 2015

In response to the December 12, 2014 order, plaintiff filed an amended complaint on January 5, 2015. (ECF No. 26.) Plaintiff's amended complaint names the same defendants as were named in the amended complaint filed July 15, 2014. (Id. at 1.)

The allegations in the January 5, 2015 amended complaint are also the same as those in the July 15, 2014 amended complaint. Claim one alleges that defendant Holly racially discriminated against plaintiff by not permitting him to share a cell with another black inmate. (Id. at 5-6.) Claim two alleges that on March 5, 2013, defendants Hanks and Delagarza-Dillard conspired to use excessive force against plaintiff in retaliation for his filing of the administrative grievance challenging the HDSP racial housing policy. (Id. at 6-7.) In claim two, plaintiff also alleges that on March 5, 2013, defendants Campbell, Snyder, Bennett and Rainey used excessive force against him. (Id. at 7.) In claim two, plaintiff clarified that he was falsely charged with battery on a peace officer and placed in ad seg. (Id. at 10.) Claim four alleges that defendants Shiplet and Albonico denied him due process at his disciplinary hearing. (Id. at 13-14.)

In claim three, plaintiff alleges that defendants Romero and Darst violated his Eighth Amendment right to be free from cruel and unusual punishment when they threw hot food trays at

5

him and denied him his meals. (Id. at 10-12.) In support of claim two, plaintiff alleges that he was falsely charged with battery on a peace officer and placed in ad seg where "plaintiff underwent further retaliation by the defendants in count three." (Id. at 10.) In support of claim three, plaintiff alleges:

> Due to plaintiff being charged falsely for the act of battery on a peace officer plaintiff was placed in administrative segregation under supervision of correctional officers that are abusive to inmates suspected of assaulting a fellow officer.

(Id. at 11.)

The grounds of plaintiff's retaliation claim against defendants Darst and Romero are unclear. Plaintiff does not identify the protected conduct he alleges defendants Darst and Romero retaliated against him for engaging in. Instead, plaintiff suggests that defendants Darst and Romero threw hot food on him and denied him meals because he was accused of assaulting another officer, which is clearly not protected conduct. Therefore, plaintiff has not linked defendants Darst and Romero with the allegations in claim two with a potentially colorable retaliation claim.

Plaintiff may be attempting to link defendants Darst and Romero to the allegations in claim two by alleging that they were motivated to violate his Eighth Amendment rights based on the charges against him for assaulting another officer. However, plaintiff provides no specific facts to support this claim. For example, plaintiff alleges no facts demonstrating that defendants Darst or Romero knew why he was in administrative segregation. Because plaintiff's allegations linking the claims against defendant Darst and Romero with claim two, as well as the other claims in the amended complaint, are conclusory, the undersigned finds that plaintiff has not pled sufficient facts demonstrating a common question of law or fact with the other claims contained in the proposed amended complaint. See Ashcroft v. Iqbol, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); see also Jackson v. Olsen, 2010 WL 724023 at *2 (E.D.

Va. 2010) (a plaintiff cannot satisfy the requirements of Rule 20 with conclusory allegations of conspiracy).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request to file an amended complaint (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cato959.den